IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HEATH,               :<br>          Plaintiff              :<br>                                    :<br>     v.                             :<br>                                    :<br>                                    :<br>ROBERT SHANNON, ET AL., :<br>          Defendants         : | CIVIL NO.4:CV-04-2275<br><br>(Judge Jones) |

## **MEMORANDUM AND ORDER**

July 28, 2005

**Background**

This pro se civil rights action was filed by Daniel Heath ("Plaintiff" or "Heath"), an inmate presently confined at the State Correctional Institution, in Dallas, Pennsylvania. Service of the complaint was previously ordered.

Named as Defendants are the following officials at the Plaintiff's prior place of confinement, the State Correctional Institution, in Frackville, Pennsylvania ("SCI-Frackville"): Superintendent Robert Shannon; Deputy Superintendent for Facilities Management John Kerestes; Health Care Administrator Barbara Malewski; Physician Assistants ("PA") David Martin, Jessica Hock, Michael Sims, and Don Silva; Registered Nurses Pam Wolfgang, Barbara Bright, Sandy Davis and Patty Wolfe; and Doctors Wychock, Robert O'Connor, and Singh.

Heath avers that '[d]ating far back as April 11, 1995 plaintiff has made many

attempts at seeking medical attention for the cause and treatment of his mysterious abdominal pains and other related abdominal problems."[1]  Rec. Doc. 1, ¶ 19.  His complaint proceeds to detail visits he made to the SCI-Frackville Medical Department on April 11, 1995, December 18, 1995, December 22, 1995, December 29, 1995 and January 9, 1996.  By way of summary, Heath alleges that on the above dates, with the exception of being given an Electrocardiogram and a blood test on December 18, 1995, the prison medical staff failed to provide him with physical examinations or diagnostic testing.  Rather, Plaintiff was "simply given Maalox, Milk of Magnesia, or no treatment at all ... save for being told to buy antacids or pain medications from the prison commissary."  Id.

On or about January 8, 2003, Plaintiff returned to the SCI-Frackville Medical Department with a complaint of severe stomach pain.  He was seen by PA Hock who allegedly failed to provide him with a physical examination or any diagnostic testing.  Hock only prescribed him milk of magnesia.  Thereafter, on November 10, 2003, Heath was seen in the medical department by PA Martin for complaints of severe stomach pain, vomiting "what appeared to be Black coffee grounds," and black stool.  Id. at ¶ 21.  Plaintiff contends that Martin likewise provided no

---

[1] Plaintiff lists the following symptoms:  frequent constipation, bloated abdomen, soft diaphragm, hard and/or discolored stool, loss of appetite, sleeplessness, dizzy spells, rapid and painful heart palpitations, and fainting spells.

physical examination or diagnostic testing and simply directed him to put a hot compress on his stomach and purchase over the counter pain medication from the prison commissary.

On December 1, 2003, Heath began experiencing terrible stomach pain and cramps along with vomiting. Nurse Pam Wolfgang was called to his cell and purportedly "just stood around" for approximately 10-15 minutes. Id. at ¶ 33. Plaintiff was eventually moved to the medical department where he remained for approximately five (5) hours until he was transported to another nearby state correctional facility. Upon his arrival, Heath was given a brief five (5) minute physical examination by a member of that prison's medical staff. He was then immediately rushed to a local hospital. Following a battery of tests, Plaintiff was diagnosed with a perforated stomach ulcer.

Plaintiff underwent emergency surgery to repair a hole in his stomach which was "LARGER THAN A SILVER DOLLAR ." Id. at ¶ 35. During the surgery, 70% of Heath's stomach was removed. As a result, Plaintiff states that he will be on medication and require special dietary care for the rest of his life. His complaint concludes that as a result of the long term deliberate indifference of the Defendants, he has suffered permanent injury. Plaintiff seeks compensatory and punitive damages.

Following service of the complaint, Defendants Martin, Wychock,

O'Connor, Silva, Singh, Hock, and Sims (hereinafter "Medical Defendants") filed a motion seeking dismissal of Plaintiff's action for failure to state a claim upon which relief may be granted ("the Motion"). The Motion (doc. 12) has been briefed and is ripe for consideration.

**Discussion**

The Medical Defendants argue that they are entitled to an entry of dismissal on the grounds that: (1) the applicable statute of limitation bars all claims which allegedly accrued prior to October 17, 2002; (2) the claims against the late Dr. Singh are subject to dismissal because the Administrator or Executor of his estate has not been sued; and (3) there are no allegations that the Medical Defendants knew that their conduct presented a substantial risk of harm to the Plaintiff.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

We will now discuss the Medical Defendants' Motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Doctor Singh**

The moving Defendants state that Doctor Singh died on April 16, 1997. Consequently, they argue that since Plaintiff did not name the Executor or Administrator of Doctor Singh's estate as a defendant, a viable cause of action has not been stated against said Defendant.

5

In an opposing brief, Plaintiff states that "I concede the argument concerning decedent Mr. Singh (peace be upon him)." Doc. 27, p. 2. Based on Plaintiff's concession, the Medical Defendants' unopposed argument will be sustained. Dismissal will be entered in favor of Doctor Singh.

**Statute of Limitations**

The Medical Defendants next argue that the portion of the complaint which raises claims which took place prior to October 18, 2002 is barred by the applicable statute of limitations. Heath counters that his pre-October 18, 2002 claims are not time barred because they were part of a continuing pattern of constitutional misconduct. See doc. 25, ¶ 4.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa. 1996), *aff'd*,

101 F.3d 691 (3d Cir. 1996)(Table). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985), cert. denied, 474 U.S. 950 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

Heath asserts that there was deliberate indifference to his medical needs as far back as April 11, 1995. His instant complaint, which is undated, was filed on October 18, 2004. Based on the facts alleged therein, Heath obtained knowledge of the purported violations of his constitutional rights at the time they occurred, yet he failed to initiate this action until October 2004.

Although the statute of limitations is an affirmative defense which may be voluntarily waived, it has been recognized by the Court of Appeals for the Third Circuit that it may be raised via a dispositive motion when it is apparent that the complaint on its face shows non-compliance with the statute of limitations. See Campbell v. Kelly, 87 Fed. Appx. 234 (3d Cir. 2004).

A portion of the present complaint clearly raises allegations which occurred

prior to October 18, 2002. Plaintiff has failed to establish any basis for equitable tolling. Furthermore, the Court finds that Heath's argument that the pre-2002 allegations were part of a continuing pattern unavailing. It is noted that the complaint sets forth various assertions of deliberate indifference which occurred between April 11, 1995 and January 9, 1996. However, the next assertion of deliberate indifference did not take place until January, 2003. The seven (7) year lapse between the alleged acts of deliberate indifference clearly undermines Plaintiff's continuing pattern argument.

In conclusion, Plaintiff's pre-October 18, 2002 assertions are clearly barred by Pennsylvania's controlling statute of limitations. Those claims based on acts and events which occurred prior to October 18, 2002 are hereby dismissed as time barred.[2]

**<u>Deliberate Indifference</u>**

The Medical Defendants' remaining argument maintains that they are entitled to dismissal because the failure to order diagnostic testing at best asserts a claim of negligence, which is insufficient for purposes of § 1983. In their reply brief, the moving Defendants add that the complaint does not allege personal involvement by them in the purported deliberate indifference. Heath argues that his claims that PAs

---

[2] Based on this Court's review of the complaint, it does not contain any pendent state law claims. Thus, the moving Defendants' argument that any such claims are also time barred is irrelevant.

Martin and Hock failed to summon a doctor or provide any treatment despite his long term history of stomach problems sufficiently asserts claims of deliberate indifference.  See Rec. Doc. 32.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled.  The government has an "obligation to provide medical care for those whom it is punishing by incarceration."  Id. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  Id. at 104 (citation omitted).  Moreover, a subsequent decision by the Supreme Court established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm."  Farmer

v. Brennan, 511 U.S. 825, 841 (1994).

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.

Based on a review of the Plaintiff's timely filed claims, he contends that PA Hock was deliberately indifferent to his medical needs on or about January 8, 2003 and that PA Martin acted in a similar manner on November 10, 2003.  However, there are no allegations that any of the remaining Medical Defendants had any personal involvement or acquiescence in conduct which allegedly violated Heath's constitutional rights between October 18, 2002 and the initiation of this action. Consequently, dismissal will be entered in favor of Defendants Wychock, O'Connor, Silva, and Sims.

Accepting the veracity of the Plaintiff's allegations as is required when

considering a motion to dismiss, it is the conclusion of this Court that Heath's perforated stomach ulcer constitutes a serious medical need as required under Estelle.   Furthermore, based on an application of Estelle and Farmer to the Plaintiff's allegations that Medical Defendants Hock and Martin concluded that his complaints of stomach pain and accompanying distress were minor and did not require a physical examination, diagnostic testing, a referral to a physician  or any treatment, it is apparent to this Court that a viable claim of deliberate indifference sufficient to withstand scrutiny under Rule 12(b)(6) has been stated.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Medical Defendants' Motion to Dismiss (doc. 12) is GRANTED IN PART.

2. Dismissal is entered in favor of Defendants Doctor Singh, Robert O'Connor, M.D., Michael Sims, Mr. Wychock, and Don Silva.

3. Plaintiff's pre-October 18, 2002 allegations are barred by the applicable statute of limitations.

4. In light of the liberal treatment afforded pro se litigants, the Medical Defendants' Motion to Strike (doc. 36) Plaintiff's second reply brief is DENIED.

5. Plaintiff's Motion to Deny (doc. 44) the Medical Defendants' Motion to Strike is GRANTED.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge