IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL HEATH,                          :
    Plaintiff                          :
                                       :
    v.                                 :   CIVIL NO.4:CV-04-2275
                                       :
                                       :   (Judge Jones)
ROBERT SHANNON, ET AL.,                :
    Defendants                         :

## MEMORANDUM AND ORDER

February 17, 2006

### Background

This pro se civil rights action was filed by Daniel Heath ("Plaintiff" or "Heath"), an inmate presently confined at the State Correctional Institution, in Dallas, Pennsylvania. By Memorandum and Order dated July 28, 2005, dismissal was entered in favor of Defendants Doctor Singh, Robert O'Connor, M.D., Michael Sims, Mr. Wychock, and Don Silva. (Rec. Doc. 46). The Memorandum and Order also concluded that Plaintiff's pre-October 18, 2002 claims were barred by Pennsylvania's applicable statute of limitations.

The remaining Defendants are the following officials at the Plaintiff's prior place of confinement, the State Correctional Institution, in Frackville, Pennsylvania ("SCI-Frackville"): Superintendent Robert Shannon; Deputy Superintendent for Facilities Management John Kerestes; Health Care

Administrator Barbara Malewski; Physician Assistants ("PA") David Martin and Jessica Hock; Registered Nurses Pam Wolfgang, Barbara Bright, Sandy Davis and Patty Wolfe. Presently pending before the Court is a motion seeking partial dismissal filed by Defendants Shannon, Kerestes, Malewski, Wolfgang, Davis, Wolfe, and Bright (hereinafter the Corrections Defendants). (Rec. Doc. 34). The motion has been briefed by the parties and is ripe for consideration.

By way of summary, Heath alleges that during 1995, he made numerous attempts at obtaining medical attention form the SCI-Frackville Medical Department for the cause and treatment of his abdominal pains and ailments.[1] (Rec. Doc. 1, ¶ 19). With the exception of being given an Electrocardiogram and a blood test on December 18, 1995, the prison medical staff allegedly failed to provide him with physical examinations or diagnostic testing. Rather, Plaintiff was "simply given Maalox, Milk of Magnesia, or no treatment at all ... save for being told to buy antacids or pain medications from the prison commissary." Id.

During January 2003, Plaintiff returned to the SCI-Frackville Medical Department with a complaint of severe stomach pain. PA Jessica Hock allegedly failed to provide him with a physical examination or any diagnostic testing. Plaintiff does admit that he was again prescribed milk of magnesia. On November

---

1. His complaint lists the following symptoms: frequent constipation, bloated abdomen, soft diaphragm, hard and/or discolored stool, loss of appetite, sleeplessness, dizzy spells, rapid and painful heart palpitations, and fainting spells.

2

10, 2003, Heath was seen by PA Martin for complaints of severe stomach pain, vomiting "what appeared to be Black coffee grounds," and black stool. Id. at ¶ 21. Plaintiff similarly maintains that Martin failed to perform a physical examination or diagnostic testing and simply directed the prisoner to put a hot compress on his stomach and purchase over the counter pain medication from the prison commissary.

Heath began experiencing terrible stomach pain and cramps along with vomiting on December 1, 2003. Nurse Pam Wolfgang was called to his cell and purportedly failed to initiate any treatment. However, the Plaintiff was subsequently taken to the prison's medical department where he remained for approximately five (5) hours until being transported to another nearby state correctional facility for treatment. After arriving at the other prison, Heath underwent a brief physical examination and was then rushed to a local hospital. After undergoing various tests, Plaintiff was diagnosed as having a perforated stomach ulcer.

Heath underwent emergency surgery to repair a hole in his stomach which was "LARGER THAN A SILVER DOLLAR." Id. at ¶ 35. As a result of this surgical procedure, 70% of Plaintiff's stomach was removed. Heath asserts that as a further consequence, he will be on medication and require special dietary care for the rest of his life. Plaintiff concludes that due to prolonged deliberate

3

indifference of the Defendants, he has suffered permanent injury.  His complaint seeks compensatory and punitive damages.

**Discussion**

The Corrections Defendants argue that they are entitled to an entry of partial dismissal on the grounds that: (1) the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment; (2) Plaintiff's individual capacity claims under 42 U.S.C. § 1985 fail to state a viable claim; and (3) the individual capacity claims asserted under 42 U.S.C. § 1986 are insufficient.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled

to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss the Corrections Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Eleventh Amendment

The initial argument raised by the Corrections Defendants is that the portion of Heath's action which seeks monetary relief against them in their official capacities must be dismissed under the Eleventh Amendment. The Eleventh Amendment provides the following:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"[C]laims for money damages against the prison officials in their official capacity are claims for retroactive relief and hence are barred by the Eleventh Amendment." Doe v. Wagginton, 21 F.3d 733 (6th Cir. 1994) (citing Edelman v.

Jordan, 415 U.S. 651, 663 (1974)). The Court of Appeals for the Third Circuit in Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981), similarly concluded that an "action in federal court for damages or back pay against a state official acting in his official capacity is barred because such retrospective relief necessarily depletes the state treasury." Pursuant to the above discussion, to the extent that Plaintiff's claims seek monetary compensation from the Corrections Defendants in their official capacities, they are clearly barred by the Eleventh Amendment and will be dismissed.

### B.     42 U.S.C. § 1985

The Corrections Defendants next contend that Plaintiff has failed to satisfy the pleading requirements for a viable § 1985 claim. This Court agrees for the reasons that follow.

Five elements must be alleged to state a § 1985 claim: (1) a conspiracy by the defendants, (2) designed to deprive a plaintiff of the equal protections of the laws, (3) the commission of an overt act in furtherance of that conspiracy, (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens, and (5) defendant's actions were motivated by racial or otherwise class-based invidiously discriminatory animus. United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825, 830 (1983).

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on

broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.

1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  Young, 926 F.2d at 1405 n.16 (3d Cir. 1991).

The fifth prong of United Brotherhood by itself is dispositive of Plaintiff's present § 1985 conspiracy claim as none of his allegations suggest that the Corrections Defendants' alleged actions were motivated by a racial or otherwise class-based invidiously discriminatory animus.  Furthermore, Heath's assertions do not satisfy the pleading requirements of Rose, Deck, and Young.  Specifically, there are no averments of fact in the complaint that reasonably suggest the presence of an agreement or concerted activity between the Corrections Defendants to violate Plaintiff's civil rights.  Accordingly, the motion to dismiss will be granted with respect to Heath's allegations of conspiracy.

### C.   42 U.S.C. § 1986

The Corrections Defendants' final argument asserts that the claims under 42 U.S.C. § 1986 should be dismissed due to Plaintiff's failure to set forth a viable § 1985 claim.  Section 1986 imposes liability on an individual who has knowledge that a violation of § 1985 is about to be committed and has the power to prevent commission of the same, but fails to do so.

It is well-settled that a plaintiff cannot set forth a viable claim under § 1986 without first establishing an actionable conspiracy under § 1985.  Baines v. Masiello, 288 F. Supp.2d 376, 394-95 (W.D.N.Y.  2003);  Lowden v. William M.

Mercer Inc., 903 F. Supp. 212, 218 (D. Mass. 1995). Based on this Court's determination that Plaintiff has failed to state a viable claim under § 1985, Heath's attempt to assert claims against the Corrections Defendants pursuant to 42 U.S.C. § 1986 must also fail. See Kessler v. Monsur, 865 F. Supp. 234, 239 (M.D. Pa. 1994).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Corrections Defendants' Motion Seeking Partial Dismissal of the complaint (doc. 34) is GRANTED.

2. The claims for monetary damages against the Corrections Defendants in their official capacities are barred by the Eleventh Amendment.

3. Plaintiff's 42 U.S.C. §§ 1985 & 1986 allegations against the Corrections Defendants are dismissed for failure to state a claim.

> s/ John E. Jones III
> John E. Jones III
> United States District Judge