UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL HEATH,** | : | **CIVIL NO: 4:CV-04-2275** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DAVID MARTIN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

## I.   Background

Plaintiff Daniel Heath ("Heath"), proceeding *pro se* filed this civil rights action

on October 18, 2004 under 42 U.S.C. §1983 against Superintendent Robert Shannon

("Shannon"), John Kerestes ("Kerestes"), Barbara G. Malewski ("Malewski"), David

Martin ("Martin"), R.N. Pam Wolfgang ("Wolfgang"), P.A. Jessica Hock ("Hock"),

P.A. Wychock ("Wychock"), R.N. Sandy Davis ("Davis"), Dr. O'Conner

("O'Conner"), P.A. Slivka ("Slivka"), Dr. Singh ("Singh"), P.A. Michael Sims

("Sims"), R.N. Patty Wolfe ("Wolfe"), R.N. Barbara Bright ("Bright")  (Doc. 1).

In his complaint, Heath asserted acts of alleged negligence and deliberate

indifference in the medical care and treatment of stomach issues by the above named

Defendants during Heath's incarceration.  (Doc. 1). All of these defendants have now

been dismissed, with one exception. Thus, on July 28, 2005, the court granted the

motion to dismiss the claims against Singh, O'Connor, Sims, Wychock, and Slivka. (Doc. 46). On February 13, 2007, the court granted a motion for judgment on the pleadings as to Shannon, Kerestes, Malewski, Bright, Davis and Wolfe. (Doc. 87). On June 18, 2009, the court granted the motion for summary judgment of Hock. (Doc. 134). On July 30, 2010, the court granted the motions for summary judgment of Martin and Wolfgang. (Doc. 177). On August 25, 2011, the United States Court of Appeals for the Third Circuit directed that the grant of summary judgment as to Martin be vacated. (Doc. 192). Accordingly, defendant Martin remains the only defendant in this action as of August 2011.

On September 30, 2011, counsel for Martin, Alan S. Gold ("Gold"), filed a suggestion of death for Martin. (Doc. 200). On October 4, 2011, the Court issued an order indicating that Heath had until December 29, 2011 to file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1)(2). (Doc. 201). On October 24, 2011, Heath filed a motion for the substitution of the proper parties and a request for a hearing. (Doc. 204). On October 27, 2011, the Court issued an order suspending the deadline for Heath to file a brief in support of his motion for the substitution of the proper parties and a request for a hearing until further order of the Court. (Doc. 205). On October 27, 2011, Heath filed another motion for the substitution of the proper parties and a request for a hearing. (Doc. 206). On November 17, 2011, the Court issued an order directing Heath to file a brief in

support of his motion for substitution of proper parties and request for a hearing by December 8, 2011.  (Doc.  212).  On December 5, 2011, Attorney Angus R. Love ("Love") entered his appearance as counsel for Heath. (Doc. 216).  On December 6, 2011, this Court entered an order directing Heath to file a brief in support of his motion for substitution of proper parties and request for a hearing and directing Defendant's counsel to file any opposition 14 days after the supporting brief.  (Doc. 217).  Heath filed a brief in support of his motion for the substitution of the proper parties and a request for a hearing, Defendant's counsel filed a brief in opposition and Heath filed a reply brief.  (Docs. 220, 223 and 226).

These pleadings fully set forth the known background and status of this case with respect to defendant Martin, and provide us with sufficient information to set a future course in this matter.

## II.   <u>Discussion</u>

Federal Rule of Civil Procedure 25(a)(1) provides: " [I]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after the service of a statement noting the death, the action by and against the decedent must be dismissed." (<u>Id</u>.).  The language of Federal Rule of Civil Procedure 25(a)(1) is permissive, "the

decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if the party so moves." Froning's, Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n. 4 (8th Cir. 1978).

In this case, Martin's attorney filed a suggestion of death for Martin on September 30, 2011. (Doc. 200). Heath, in turn, filed a motion to substitute parties and a request for a hearing. (Docs. 204 and 206).

In response to this motion, Attorney Gold has set forth in his brief in opposition the information he received from Alexander R. Ferrante ("Ferrante"), counsel for Martin, regarding Martin's death and estate. (Doc. 223, p. 6). The factual assertions Gold puts forth are that Martin was no longer employed at least as of August 26, 2011 when the Court ordered a status conference and Ferrante attempted to contact him. ( Id. at p. 7). Ferrante located a David Martin in Mt. City, Tennessee and attempted to contact him, but the letter was returned with a stamp indicating that Martin had died. ( Id.). Ferrante found Martin's obituary, was able to verify that he was the same David Martin who worked for the Department of Corrections and was able to locate his step daughter, Lisa Pennington ("Pennington"). ( Id.)

Ferrante contacted Pennington who told him that Martin lived in Tennessee for the past  few years prior to his death. ( Id.) Pennington did not have any contact with Martin's family in Pennsylvania and stated that he did not have any living biological

relatives. ( Id. at p.7-8.)  Pennington said that Martin did not have any money, he did

not have a will and an estate was not opened.   ( Id. at p.7.)  Martin and Pennington's

mother were married for seven (7) years and Pennington's mother died prior to

Martin. ( Id. at p.8.) Martin did not have any children.(Id.)Martin's counsel contends

that the claim should be dismissed with prejudice because no one can be substituted

as a successor in interest for Martin.( Id.)Heath, however, still contends that a hearing

is necessary in order to determine if Martin had any surviving relatives, beneficiaries

or distributees beyond the information provided in Martin's brief. (Doc. 226, p. 5).

We agree.

In Sinito v. U.S. Department of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999), the

Court noted that the Federal Rule of Civil Procedure 25 allows for the substitution of

a "successor" for a deceased party, a term which means that a proper substituted party

need not necessarily be the appointed executor or administrator of the deceased

party's estate.  Id.  Rather, the purpose of Federal Rule of Civil Procedure 25 is to

allow more flexibility in substitution.  Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir.

1969).  As to who may be substituted as a proper party it has been held that in this

setting:

> [Under] certain circumstances a person may be a "successor" under
> Rule25(a)(1) if she is (1) the primary beneficiary of an already distributed
> estate; (2) named in a will as the executor of the decedent's estate, even if the

will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

In re Baycol Products Litigation, 616 F.3d 778, 784-5 (8th Cir. 2010)(citations omitted). In order to facilitate the substitution process, wherever possible, a suggestion of death should "identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked from those who represent or inherit from the estate." Rende, 415 F.2d at 986.

In this case, we are mindful of the fact that this litigation has been pending for seven years, and the information on the death of defendant Martin, and his estate, presented by counsel is very limited. We agree, therefore, that Heath should be given the opportunity to further explore the information which has been provided by Attorney Gold in order to determine whether or not an appropriate successor in interest can be appointed. Therefore we will schedule proceedings in this matter for this purpose.

## III.   Order

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for substitution of the proper parties and request for a hearing order pursuant to FRCP 25(a)(1) (Doc. 206) is GRANTED to allow proceedings to be conducted on the issue of whether a substitute party is capable of being substituted into this action

pursuant to Rule 25 of the Federal Rules of Civil Procedure.. Specifically, the counsel will jointly inquire to try to identify successor parties, and  will submit pre-hearing memoranda describing the status of efforts to identify a successor party by **March 26, 2012**. The parties  and the court will conduct a telephonic pre-hearing conference on **March 28, 2012 at 10:00 a.m.**  to determine whether testimony and presentation of evidence will be necessary in this case. The Plaintiff shall initiate the call, ensuring that all parties are on the telephone line, before contacting the Court at  telephone number 717-614-4120. If the court concludes that a hearing is necessary, this hearing will be held on **April 2, 2012 at 11:00 a.m.** in Courtroom 5, U.S. Courthouse, Harrisburg, Pennsylvania. If such a hearing is convened, the parties will present whatever evidence they possess in support of the suggestion of death, as well as any evidence relating to the nature, and administration of defendant Martin's estate. In particular, defense counsel should produce any information which identifies: (1) the primary beneficiary of Martin's estate; (2) any person  named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of any unprobated intestate estate. The parties should also be prepared to: (1) identify any particular person who may be properly substituted as a proper party defendant in this action; and (2) provide that party with notice and an opportunity to be heard.

So ordered this _____ day of February, 2012.


_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge